IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.

| | |
|---|---|
| **BERNARDINA CISNEROS LOPEZ**<br>**Plaintiff**<br>v.<br>**BOEHRINGER INGELHEIM PHARMACUETICALS, INC.**<br>**Defendant** | **DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S NOTICE OF REMOVAL** |

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BI") removes this action from the Forsyth County Superior Court to the United States District Court for the Middle District of North Carolina.[1] The United States District Court for the Middle District of North Carolina has original subject-matter jurisdiction over this civil action under 28 U.S.C. § 1332(a) and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## INTRODUCTION AND SUMMARY

1. On January 19, 2021, Plaintiff Bernardina Cisneros Lopez filed a case styled *Bernardina Cisneros Lopez v. Boehringer Ingelheim Pharmaceuticals, Inc.*, Case No. 21-CVS-293, in the Forsyth County Superior Court, in Forsyth County, North Carolina. *See generally* Compl.

---

[1] By removing this case to this Court, BI does not waive any defenses, objections, or motions available under state or federal law.

1

2. In her Complaint, Plaintiff alleges that she was prescribed Pradaxa, a novel oral anticoagulant sold by BI, in January of 2018. *See* Compl. ¶ 4. Plaintiff alleges that on or about March 21, 2018, she was hospitalized as a result of "excessive vaginal bleeding and an assortment of other abnormal physical symptoms." *Id.* ¶¶ 4-5. While hospitalized, Plaintiff "suffered a massive stroke, leaving Plaintiff partially paralyzed" and having "severe cognitive loss." *Id.* ¶ 6. Plaintiff alleges that BI's conduct "was the foreseeable proximate and direct cause of [her] injuries, suffering, and emotional distress" and that BI is "liable for all injuries suffered by the Plaintiff as a result of its manufacture, sale, and distribution of its PRADAXA drug product." *Id.* ¶¶ 18-19.

## GROUNDS FOR REMOVAL

**I. Removal Is Proper Because This Court Has Original Subject-Matter Jurisdiction Under 28 U.S.C. § 1332(a).**

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

4. Upon information and belief, Plaintiff Bernardina Cisneros Lopez is, and was at the time she filed this lawsuit, a resident citizen of the State of North Carolina. *See* Compl. ¶ 1.

5. Defendant BI is, and was at the time Plaintiff filed this lawsuit, a citizen of the States of Connecticut and Delaware because it is incorporated in Delaware and has its principal place of business in Connecticut. *See* 28 U.S.C. § 1332(c)(1).

**B. The Amount-in-Controversy Requirement Is Satisfied.**

6. Under 28 U.S.C. § 1446(a), a removing defendant need only include in its notice of removal "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100-889, p. 71 (1988)). The Court then held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 551. In so holding, the Court quoted *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'" *Dart*, 574 U.S. at 86 (quoting *Ellenburg*, 519 F.3d at 200).

7. The Fourth Circuit has held that a defendant's jurisdictional allegations in its notice for removal—including the alleged amount in controversy—should be accepted when not challenged by the plaintiff.[2] *See Ellenburg*, 519 F.3d at 198–200 ("[A] district

---

[2] If a plaintiff challenges a defendant's amount-in-controversy allegation, the court must give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *Dart*, 574 U.S. at 88–89; *see Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017).

3

court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party.")

8. Here, Plaintiff alleges that as a result of taking Pradaxa, she suffered a "massive stroke, leaving Plaintiff partially paralyzed and completely unable to use her left arm and either of her legs." Compl. ¶ 6. Plaintiff contends that her "partial paralysis" and "severe cognitive loss" has required "numerous rounds of rehabilitative therapy" and "confinement to assisted living at such a young age," causing her to "suffer immeasurably from severe emotional distress and extreme financial loss." Compl. ¶¶ 6-7, 9. Plaintiff seeks damages for "compensatory, incidental and consequential damages." Compl. Claim for Relief ¶ 1.

9. Based on the nature of the damages sought by Plaintiff in her Complaint, any common-sense calculation reveals that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See In re Digitek Prod. Liab. Litig.*, No. CIV.A. 2:09-0191, 2009 WL 1939170, at *1, *4 (S.D.W. Va. June 30, 2009) (finding that it was "facially apparent that the amount in controversy [was] likely to exceed $75,000" where the plaintiff alleged that she had a stroke after using a prescription drug, which resulted in a five-day hospitalization, after which she made a "slow but full recovery"); *accord In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000").

4

## II. BI Has Met the Procedural Requirements for Removal.

10. BI was served with a copy of the Summons and Complaint on January 22, 2021. Therefore, this removal is timely under 28 U.S.C. § 1446(b)(2)(B) because it is filed within 30 days of service of process on BI. BI has not filed pleadings or papers in this action in State Court and the time during which BI is required by state law or rules of court to answer or to plead to the Plaintiff's complaint has not expired. No other process, pleading or order has been served on BI.

11. The Forsyth County Superior Court is located within the Middle District of North Carolina, *see* 28 U.S.C. § 113(b), and venue for this case is proper in this Court under 28 U.S.C. § 1441(a) because the Middle District of North Carolina embraces the place in which the removed action was pending.

12. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon BI in the state-court file is attached as Exhibit 1.

13. No previous application has been made for the relief requested herein.

14. Immediately following the filing of this Notice of Removal, BI will deliver a written notice of the filing of this Notice to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d). BI will also promptly file a copy of this Notice with the Clerk of the Forsyth County Superior Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to be filed in the General Court of Justice, Superior Court Division, is attached hereto as Exhibit 2.

WHEREFORE, BI gives notice that the matter bearing case number 21-CVS-293 in the Forsyth County Superior Court of Forsyth County, North Carolina, is removed to this Court under 28 U.S.C. § 1441.

Respectfully submitted,

/s/ **DIANE K. PAPPAYLIOU**
**NC State Bar No. 50921**
**Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.**
**BUTLER SNOW, LLP**
**6752 Rock Spring Road, Suite 310**
**Wilmington, NC 28405**
**PH: (910) 550-1320**
**Email: Diane.Pappayliou@butlersnow.com**

# CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have served a copy of the foregoing via electronic mail and United States First Class mail, postage prepaid, on to the following counsel of record:

Miguel A. Cuardra, Esq.
Law Office of Miguel A. Cuadra
315 Spruce North, Suite 275
Winston-Salem, North Carolina 27101
Email: macj@miguelcuadralaw.com

Michael A. Jones, Esq.
Michael A. Jones & Associates, PLLC.
100 E. Parrish Street, Suite 450
Durham, North Carolina 27701
Email: jonestnlaw@aol.com

/s/ **DIANE K. PAPPAYLIOU**
**NC State Bar No. 50921**
**Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.**
**BUTLER SNOW, LLP**
**6752 Rock Spring Road, Suite 310**
**Wilmington, NC 28405**
**PH: (910) 550-1320**
**Email: Diane.Pappayliou@butlersnow.com**