| STATE OF NORTH CAROLINA | File No. 21CVS293 |
|---|---|
| FORSYTH County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

**Name Of Plaintiff**
BERNARDINA CISNEROS LOPEZ

**Address**
485 Veterans Way

**City, State, Zip**
Kernersville, NC 27284

VERSUS

**Name Of Defendant(s)**
Boehringer Ingelheim Pharmaceuticals, Inc.

# CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Boehringer Ingelheim Pharmaceuticals, Inc.<br>c/o CT Corporation System (Registered Agent)<br>160 Mine Lake Ct., Suite 200<br>Raleigh   NC 27615 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Miguel Cuadra, Esq.<br>Law Office of Miguel Cuadra<br>315 Spruce North, Suite 275<br>Winston-Salem, N.C. (336) 695-7760   NC 27107 | 1-19-2021 | 10:46 | ☒ AM ☐ PM |
| | Signature: Kimberley Calloway<br>☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|
| Signature<br>☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

**EXHIBIT 1**

Case 1:21-cv-00138-LCB-JLW   Document 1-1   Filed 02/19/21   Page 1 of 9

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| FORSYTH COUNTY | FILE NO. 21 CVS 293 |

| BERNARDINA CISNEROS LOPEZ | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC. | ) | |
| | ) | |
| Defendant | ) | |

**NOW COME** Plaintiff Bernardina Cisneros Lopez (hereinafter "**Plaintiff**"), by and through counsel, and hereby complains of Defendants as follows:

## PARTIES

1. Plaintiff is a citizen and resident of Winston-Salem, Forsyth County, North Carolina at all relevant times complained of herein.

2. Defendant Boehringer Ingelheim Pharmaceuticals, Inc., upon information and belief, is a Delaware corporation, that engages in the manufacture, sale and distribution of the PRADAXA drug product, and does business within the State of North Carolina, having a Registered Agent duly registered located herein.

## FACTUAL ALLEGATIONS

3. Paragraphs 1-2 of this Complaint are hereby fully realleged and reincorporated hereinafter.

4. In January of 2018, Plaintiff's physicians prescribed PRADAXA (an anti-coagulant drug product manufactured and distributed by Defendant) to Plaintiff in

1

Case 1:21-cv-00138-LCB-JLW   Document 1-1   Filed 02/19/21   Page 3 of 9

order to address certain medical conditions. Plaintiff continued to experience many very troubling physical symptoms including excessive vaginal bleeding.

5. On or about March 21, 2018 Plaintiff was transported to Wake Forest Baptist Emergency Room, located in Winston Salem North Carolina due to continued excessive vaginal bleeding and an assortment of other abnormal physical symptoms.

6. While undergoing tests on the premises, Plaintiff continued to feel very ill and ultimately suffered a massive stroke, leaving Plaintiff partially paralyzed and completely unable to use her left arm and either of her legs. Plaintiff continues to suffer from partial paralysis and severe cognitive loss without relief since that time.

7. As a direct result of her massive stroke and resulting paralysis and cognitive loss, Plaintiff has had to undergo numerous rounds rehabilitative therapy.

8. The various forms of therapy are exhausting and costly and have left Plaintiff's entire body in extremely delicate and vulnerable condition. Plaintiff has remained confined in assisted living since the time of her massive stroke.

9. The massive stroke, resulting paralysis and confinement to assisted living at such a young age have caused Plaintiff to suffer immeasurably from severe physical distress, severe emotional distress and extreme financial loss.

### FIRST CAUSE OF ACTION
### DEFECTIVE PRODUCT / PRODUCTS LIABILITY / NEGLIGENCE

10. Paragraphs 1-9 of this Complaint are hereby fully realleged and reincorporated hereinafter.

11. At all relevant times complained of herein, the Defendant (collectively, "Defendants") manufactured, sold and distributed the anti-coagulant drug commonly known as PRADAXA nationwide and throughout the State of North Carolina, when Defendant knew or should have reasonably known of existing increased adverse medical affects associated with the use of the PRADAXA product.

12. At all relevant times complained of herein, the Defendant owed a legal duty to Plaintiff to manufacture, and distribute a reasonable safe anticoagulant drug product, and knew or should have known that Plaintiff's use of their PRADAXA drug product unreasonably increased the risks of abnormal bleeding, stroke, paralysis, and other dangerous conditions in Plaintiff and other users of the drug under foreseeable conditions.

13. At the time of the above-described incident to Plaintiff, the PRADAXA anticoagulant drug product was substantially the same as when it was manufactured, sold and distributed by Defendant, with respect to the unreasonably dangerous nature of the drug allege herein.

14. Defendant expected their PRADAXA anticoagulant drug product to reach the ultimate consumer without substantial change in the condition in which the product was manufactured and sold.

15. The PRADAXA drug product was used and taken by Plaintiff in an intended and foreseeable manner as prescribed by her physicians when the incident described hereinabove occurred and the PRADAXA anticoagulant drug not meet the reasonable expectations of an ordinary consumer as to its safety.

3

16. The Defendant knew or should have known that the foreseeable risks associated with the use of the PRADAXA anticoagulant drug exceeded any benefits associated with the manufacture of use of the medication.

17. The Defendant breached its duty of care owed to Plaintiff by manufacturing an unreasonably dangerous at the time it was sold and distributed, and by failing to adequately warn its user, distributors or consumers concerning the inherently dangerous nature and increased adverse risks associated with the its PRADAXA product.

18. Defendant is liable for all injuries suffered by the Plaintiff as a result of its manufacture, sale, and distribution of its PRADAXA drug product, including a failure to adequately warn of the dangerous nature of the drug, as cited above.

19. Defendant's aforementioned failure and breach of duty to reasonably manufacture, distribute, and warn of the dangerous nature of its anti-coagulant drug was the foreseeable direct and proximate and direct cause of the injuries, suffering, and emotional distress experienced by Plaintiff.

## **CLAIM FOR RELIEF**

WHEREFORE, Plaintiff pray for an award and judgment against the Defendant as follows:

1. For judgment against the Defendant for compensatory, incidental and consequential damages in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00).

2. For an award of all interest allowed by law, post-judgment and pre-judgment.

3. For an award of attorneys' fees, costs and expenses against the Defendant;

4

4. For a trial by jury as to all triable issues of fact; and,

5.  For such other relief as the Court may deem just and proper.

This 19th day of January 20121.

By: _____
Mr. Miguel A. Cuardra, Esq.
Law Office of Miguel A. Cuadra
315 Spruce North, Suite 275
Winston-Salem, North Carolina 27101
N.CSB # 50329
Telephone: (336) 695-7760
Email: macj@miguelcuadralaw.com
Attorney for Plaintiff


 /s/ Michael A. Jones
Mr. Michael A. Jones, Esq.
Michael A. Jones & Associates, PLLC.
100 E. Parrish Street, Suite 450
Durham, North Carolina 27701
N.CSB # 19099
Telephone: (919) 451-3652
Email: jonesmlaw@aol.com
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Summons & Complaint was served upon the Defendant via first class, U.S. Mail, postage prepaid, certified return receipt delivery addressed as follows:

c/o: CT Corporation System
160 Mine Lake Ct., Suite 200
Raleigh, North Carolina 27615-6417

(Registered Agent for Defendant Boehringer Ingelheim Pharmaceutical, Inc.)

This 19th day of January 2021.

By: _____
Mr. Miguel A. Cuardra, Esq.
Law Office of Miguel A. Cuadra
315 Spruce North, Suite 275
Winston-Salem, North Carolina 27101
N.CSB # 50329
Telephone: (336) 695-7760
Email: macj@miguelcuadralaw.com
Attorney for Plaintiff


 /s/ Michael A. Jones
Mr. Michael A. Jones, Esq.
Michael A. Jones & Associates, PLLC.
100 E. Parrish Street, Suite 450
Durham, North Carolina 27701
N.CSB # 19099
Telephone: (919) 451-3652
Email: jonesmlaw@aol.com
Attorney for Plaintiff